UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 06 2018

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | CRIMINAL NO. |
| | § | |
| JOHN DAVID KNOWLTON | § | G 18 24 |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

   "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

   (A)  the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

   "actual or simulated -
   (i)    sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
   (ii)   bestiality; [or]
   (iii)  masturbation; [or]
   (iv)   sadistic or masochistic abuse; or
   (v)    [the] lascivious exhibition of the genitals or pubic area of any person."

1

4.  The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.  The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.  The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Receipt of Child Pornography)

From on or about February 6, 2016, through on or about March 8, 2016, within the Southern District of Texas,

**JOHN DAVID KNOWLTON,**

defendant herein, did knowingly receive material that contained child pornography using any means and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT TWO
### (Possession of Child Pornography)

On or about March 10, 2016, within the Southern District of Texas,

**JOHN DAVID KNOWLTON,**

defendant herein, did knowingly possess material that contained an image of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, and which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically, the defendant possessed:

a Dell Latitude D800 Laptop, s/n 5MMZ451,

a Dell Latitude D820 Laptop, s/n GTYMBD1,

a Dell Precision M4500 Laptop, s/n BC5XXN1,

a Dell Latitude E6430 Laptop, s/n BMKTGV1,

a Dell Latitude E630 Laptop, s/n 4P838W1,

an Apple Macbook Pro A1278 Laptop, s/n C1MJDBH0DTY3,

an Omni-Teq Custom Desktop, s/n 36271; containing a Seagate Barracuda 7200.10 160GB, s/n 9RA6AZZS; and a Seagate Barracuda 7200.10 160GB, s/n 9RA5729M,

a Simpletech External USB 164.7GB Hard Dive Enclosure, s/n 433000594,

an Iomega 31747800 320GN External USB Hard Drive, s/n A5A8220DC0,

an IBM Travelstar DJSA-220 internal 20GB Hard Drive, s/n 446B1276,

a Western Digital My Passport for Mac External 1TB USB Hard Drive, s/n WXQ1E82FPFD5,

a Western Digital My Passport Ultra External 1TB USB Hard Drive, s/n WXM1E452X3XV,

a Microcenter translucent green in color 8GB USB stick, s/n FMB820723,

3

a Microcenter translucent blue in color 2GB USB stick, s/n FM26C0438,

a Sandisk black and red in color Cruzer Glide 16GB USB stick, s/n BL131124668B,

a PNY black and blue in color 4GB USB stick,

a Unbranded red in color 1GB USB stick, and

a Verbatim blue in color 4GB USB stick, s/n 10050305204G39AAF,

which contained still images and videos of child pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

### NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a), the United States gives the defendant notice that in the event of conviction for the offense charged in Count One of the Indictment, the following is subject to forfeiture:

(1) all visual depictions described in Title 18, United States Code, Section 2252A, or all books, magazines, periodicals, films, videotapes, or other matter which contain any such visual depictions, which were produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

(2) all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3) all property, real or personal, used or intended to be used to commit or to promote the commission of such offense, or all property traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following:

1) Dell Latitude D800 Laptop, s/n 5MMZ451,

2) Dell Latitude D820 Laptop, s/n GTYMBD1,

3) Dell Precision M4500 Laptop, s/n BC5XXN1,

4) Dell Latitude E6430 Laptop, s/n BMKTGV1,

5) Dell Latitude E630 Laptop, s/n 4P838W1,

6) Apple Macbook Pro A1278 Laptop, s/n C1MJDBH0DTY3,

7) Omni-Teq Custom Desktop, s/n 36271; containing a Seagate Barracuda 7200.10 160GB, s/n 9RA6AZZS; and a Seagate Barracuda 7200.10 160GB, s/n 9RA5729M,

8) Simpletech External USB 164.7GB Hard Dive Enclosure, s/n 433000594,

9) Iomega 31747800 320GN External USB Hard Drive, s/n A5A8220DC0,

10) IBM Travelstar DJSA-220 internal 20GB Hard Drive, s/n 446B1276,

11) Western Digital My Passport for Mac External 1TB USB Hard Drive, s/n WXQ1E82FPFD5,

12) Western Digital My Passport Ultra External 1TB USB Hard Drive, s/n WXM1E452X3XV,

13) Microcenter translucent green in color 8GB USB stick, s/n FMB820723,

14) Microcenter translucent blue in color 2GB USB stick, s/n FM26C0438,

15) Sandisk black and red in color Cruzer Glide 16GB USB stick, s/n BL131124668B,

16) PNY black and blue in color 4GB USB stick,

17) Unbranded red in color 1GB USB stick, and

18) Verbatim blue in color 4GB USB stick, s/n 10050305204G39AAF

A True Bill:

ORIGINAL SIGNATURE ON FILE

Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

By: _____
Zahra Jivani Fenelon
Assistant United States Attorney